UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jane Doe, | Case No.: 2:18-cv-2196-RMG |
| Plaintiff, | |
| v. | ORDER AND OPINION |
| Charleston County Sheriff's Office et al., | |
| Defendants. | |

This matter is before the Court on Defendant Charleston County's Motion to Dismiss (Dkt. No. 5). For the reasons set forth below, the Court grants the motion.

I. **Background**

Plaintiff alleges that during a traffic stop on February 3, 2017, Defendant Matthew Smoak, a deputy with the Charleston County Sherriff's Office, viewed nude photos that Plaintiff had stored on her phone. (Dkt. No. 1-1 at ¶¶ 12 – 13.) During the traffic stop, Plaintiff was arrested for Driving Under the Influence. (*Id.*) Plaintiff alleges that about four months later, on May 29, 2017, Plaintiff became locked in a boat, and Defendant Smoak, along with other deputies, responded to a dispatch to help. (Dkt. No. 1-1- at ¶ 15.) After being released from the boat, Plaintiff alleges that Defendant Smoak recognized her, gave her a hug, and offered to drive her home. (*Id.*) On the drive home, Defendant Smoak asked for Plaintiff's phone number, and Plaintiff provided her number. (Dkt. No. 1-1 at ¶ 16.) After this second meeting, Plaintiff alleges that Defendant Smoak began to send her sexually explicit text messages, and requested that she meet up with him. (Dkt. No. 1-1 at ¶ 17 – 18.) Plaintiff alleges that her DUI case was pending during this time, and that Defendant Smoak offered to help her with her case. (*Id.*) On May 31, 2017, Plaintiff alleges that Defendant Smoak came to her apartment in his squad car while wearing his uniform, invited Plaintiff into his car and drove around while Plaintiff gave Defendant Smoak oral sex. (Dkt. No.

1-1 at ¶ 20.) On July 6, 2017, Plaintiff alleges that Defendant Smoak drove to her apartment while on duty and they had sex. (Dkt. No. 1-1 at ¶ 22.) During this time, Plaintiff alleges that Defendant sent her sexually explicit photographs. (Dkt. No. 1-1 at ¶ 21.)

On August 15, 2018, Defendant Charleston County moved to dismiss this lawsuit, arguing that it is not a proper defendant since the Charleston County Sheriff's Office is a State entity and is not Defendant Smoak's employer. (Dkt. No. 5.) Plaintiff has filed no response.

## II.  Legal Standard[1]

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although

---

[1] Although the Motion to Dismiss was unopposed, a district court still "has an obligation to review the motions to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 (4th Cir. 2014).

the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

In her first cause of action, Plaintiff brings a claim against Charleston County under S.C. Code Ann. § 16-5-60, "a statute enacted in 1871 to hold countries strictly liable for failing to protect citizens' political rights and liberties." *Doe v. McGowan*, No. 2:16-CV-00777-RMG, 2017 WL 659938, at *1 (D.S.C. Feb. 13, 2017). As this Court has previously held, this statute "was impliedly repealed by the Tort Claims Act because the two laws are plainly repugnant to each other." *Id.* This cause of action is therefore dismissed as to Defendant Charleston County.

Furthermore, Charleston County is not a proper defendant in this action. Plaintiff brings causes of action against Defendant Charleston County under 42 U.S.C. § 1983 and for negligence.[2] It is well settled under South Carolina law that the sheriff is a state constitutional officer and is not a county employee. *See Cash v. Thomas*, No. CIV.A. 6:12-1278-MGL, 2013 WL 3804375, at *7 (D.S.C. July 19, 2013) ("a Sheriff in South Carolina is an arm of the State and not a County employee...."); *Henry v. Horry Cty.*, 334 S.C. 461, 463, 514 S.E.2d 122, 123 (1999) ("Since the 1800s, the Sheriff has been a constitutional officer in South Carolina.") *citing* S.C. Const. art. V, § 24. County administrators generally have no authority over elected officials, such as sheriffs, whose offices were created by the State. *See* S.C. Code Ann. § 4-9-650.

---

[2] Plaintiff alleged two negligence causes of action: one for Negligence/Gross Negligence, and one for Negligent Hiring/Training/Supervision. (Dkt. No. 1-1 at ¶¶ 30 – 42.)

Charleston County therefore has no control over the Sheriff's Office or Defendant Smoak. *See Mungin v. Cannon*, No. CV 2:15-4931-RMG, 2016 WL 2344784, at *2 (D.S.C. May 3, 2016) ("Charleston County has no control over the actions of the Sheriff, a state officer, or the Sheriff's Department, a state agency."). For the same reasons, Plaintiff cannot maintain negligence actions against the County where they never employed, supervised or otherwise had a master/servant relationship with Defendant Charleston County Sheriff's Office or Defendant Smoak. *See Poloschan v. Simon*, No. CIV.A. 9:13-1937-SB, 2014 WL 1713562, at *7 (D.S.C. Apr. 29, 2014) ("Since Plaintiff did not work for Beaufort County and Beaufort County was not her employer, she also cannot maintain a negligence claim against this Defendant...."). Finally, Plaintiff makes no allegations regarding any act attributable to Charleston County.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Charleston County's Motion to Dismiss (Dkt. No. 5.)

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

September 5, 2018
Charleston, South Carolina